**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ITALGRANI ELEVATOR COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1385 RLW |
| | ) | |
| INTERNATIONAL LONGSHOREMAN'S | ) | |
| ASSOCIATION LOCAL 1765 AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Italgrani Elevator Company's Motion for Leave to File Under Seal. (ECF No. 2). The Court will grant the motion for the reasons below.

"[T]here is 'a common-law right of access to judicial records.'" *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This right of access is not absolute," however, "but requires a weighing of competing interests." *Id*. When this common-law right is implicated, the Eighth Circuit "give[s] deference to the trial court rather than taking the approach of some circuits and recognizing a 'strong presumption' favoring access." *Id*. (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)).

Whether sealing is warranted turns on "the relevant facts and circumstances of the particular case." *Warner Commc'ns*, 435 U.S. at 599. The Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). In the Eight Circuit, "only the most compelling reasons can justify non-disclosure

of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "A proper motion to seal should be narrowly drawn and accompanied by a proposed redacted filing for the public docket." *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022) (finding a motion to file under seal overly broad where the party wished to seal an entire motion without any justification).

Here, Italgrani seeks to seal two documents containing medical information about a non-party grievant. (ECF No. 2). Italgrani argues that medical information of a non-party is highly confidential and is not relevant to the instant proceeding. (ECF No. 3 at 2). The Court agrees. At this stage, the grievant's medical condition is not at issue.  Put another way, it is not a factor in determining whether the Court should confirm the arbitration award. Thus, the sealing of the documents in question will not interfere with interests served by the common-law right of access.

Accordingly,

**IT IS HEREBY ORDERED** that on Italgrani Elevator Company's Motion for Leave to File Under Seal is **GRANTED**. (ECF No. 2).



_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 20th day of January, 2023.

2